IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.M., a minor, by and through his Guardian ad Litem, KEVIN MARCHESE, an individual, and LYNDI MARCHESE, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DRYCREEK JOINT ELEMENTARY SCHOOL DISTRICT; CALIFORNIA DEPARTMENT OF EDUCATION; and JACK O'CONNELL, in his official capacity as STATE SUPERINTENDENT OF PUBLIC INSTRUCTION FOR THE STATE OF CALIFORNIA,<br><br>　　　　　Defendants. | 2:10-cv-00944-GEB-GGH<br><br>ORDER CONCERNING G.M.'S <u>LEGAL REPRESENTATION</u> |

　　　　Kevin and Lyndi Marchese filed an ex parte motion on April 22, 2010, in which they seek to be appointed Guardians ad Litem for their son and minor plaintiff G.M. in this action.[1] The movants state in their motion that they are:

---

[1]　　Kevin and Lyndi Marchese's application does not comply with Federal Rule of Civil Procedure 5.2(a)(3) and Local Rule 140(a)(i), which require that only a minor plaintiff's initials be used in any electronic or paper filing. All future filings in this case shall comply with these rules. The caption of this case is amended as reflected above.
　　　　The application also requests that Kevin and Lyndi Marchese be permitted to use the CM/ECF system and electronically file documents during the pendency of this action. This request, however, should be directed to the Clerk's Office.

> Pro Se litigants who have brought action individually and on behalf of their minor child for IDEA due process and Section 504/Rehabilitation Act 1973 claims, which claims parents are permitted to bring actions in their own right and on behalf of their child. Parents operate as a team with respect to this due process de-novo/review and claims.

(Mot. to Appoint Guardian ad Litem 2:5-9.)  Movants, however, also state that "Father of minor is a[n] attorney licensed to practice in this Court (SBN 148931); [but], he files this action as a Pro Se Parent."  (Id. 2:9-10.)

It is unclear from this filing in what capacity Kevin Marchese seeks to represent his son and plaintiff G.M.  While Kevin Marchese is an attorney and the complaint seeks to recover attorneys' fees, movants also state that they are "Pro Se litigants" and "Pro Se Parent[s]."  However, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."  Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).  Therefore, Lyndi Marchese clearly lacks the authority to file a complaint on behalf of G.M.  Due to his status as an attorney, Kevin Marchese may have such authority.  The issue of G.M.'s legal representation shall be resolved before reaching movants' ex parte motion to be appointed Guardians ad Litem for G.M.

28 U.S.C. § 1654 prescribes: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."  "While this provision allows [Kevin Marchese] to prosecute his own actions in propria persona, that right is personal to him, and absent some other statutory authorization, [Kevin Marchese] has no authority to

2

prosecute an action in federal court on behalf of" his son G.M. <u>Stoner v. Santa Clara County Office of Educ.</u>, 502 F.3d 1116, 1126 (9th Cir. 2007); <u>see also</u> <u>R.Y. v. Visalia Unified Sch. Dist.</u>, No. CV-F-06-1407 OWW/DLB, 2008 WL 117981, at *1 (E.D. Cal. Jan. 10, 2008) (finding that parents may not bring child's Individual With Disabilities Education Act claim <u>pro</u> <u>se</u>).

Therefore, Kevin Marchese shall clarify in a filing whether he is the attorney of record for plaintiff G.M.[2] If Kevin Marchese is not G.M.'s attorney, then movants shall explain why G.M. should not be dismissed as a plaintiff from this case since he is not represented by counsel. This filing is due no later than May 20, 2010.

Dated: May 6, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[2] It should be noted, however, that the Ninth Circuit has cautioned against parent-attorney representation in this context, stating: "a disabled child represented by his or her parent does not benefit from the judgment of an independent third party. Indeed, the danger of inadequate representation is as great when an emotionally charged parent represents his minor child as when the parent represents himself." <u>Ford v. Long Beach Unified School Dist.</u>, 461 F.3d 1087, 1091 (9th Cir. 2006)(citation and quotations omitted).