IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
G.M., a minor, by and through      )
his Guardian ad Litem, KEVIN       )    2:10-cv-00944-GEB-GGH
MARCHESE, an individual, and       )
LYNDI MARCHESE, an individual,     )
                                   )    ORDER
            Plaintiff,             )
                                   )
      v.                           )
                                   )
DRY CREEK JOINT ELEMENTARY         )
SCHOOL DISTRICT,                   )
                                   )
            Defendant.             )
_____  )
```

Defendant filed an Objection to Plaintiff's expert witnesses disclosure, to which Plaintiff filed a Response. Defendant subsequently noticed the objection for hearing. Defendant argues that "[the] disclosure was filed late [on October 3, 2011] and is devoid of the statutorily required [expert reports or summaries of the experts' expected opinions and testimony]." (Def.'s Objection 2:1-2.) Defendant requests that "the Court reject [Plaintiff's] filing or alternatively, that the Court require [Plaintiff] to file a corrected disclosure." (Id. 2:4-5.)

Plaintiff argues the disclosure was timely, since he served Defendant with his Initial Expert Witness Disclosure via email on September 30, 2011. (Pl.'s Resp. 2:3-23; id. at Ex. 1 (email from Plaintiff to Defendant disclosing expert witness list).) Defendant does

1

not deny that it timely received the email from Plaintiff. Defendant has not provided authority supporting its position that the expert witness disclosure was required to be filed with the Court.

Plaintiff argues his expert witness disclosure complies with Rule 26(a)(2), since he included the following information with the disclosure:

> The foregoing experts have been previously disclosed with complete curriculum vitae provided and testimony in the underlying administrative action's Evidence Packet, section 90, previously exchanged with Defendant.

(Pl.'s Resp. 3:22-25.) Plaintiff also argues Defendant "[is] fully aware of what the anticipated testimony is—each of these experts have offered declarations/opinion in this case before in the lower courts and each party has referred to these experts multiple times throughout the briefing." (Pl.'s Resp. 4:2-5.) Defendant does not dispute that it has the aforementioned information about the expert witnesses, and has not filed a reply brief. In light of the present record, it has not been shown that the objection should be sustained. Therefore the objection is overruled.

Dated:  December 13, 2011

GARLAND E. BURRELL, JR.
United States District Judge

2