UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.M., a minor, by and through his Guardians ad Litem, KEVIN MARCHESE and LYNDI MARCHESE; KEVIN MARCHESE, an ndividual, and LYNDI MARCHESE, an individual,<br><br>        Plaintiffs,<br><br>     v.<br><br>DRYCREEK JOINT ELEMENTARY SCHOOL DISTRICT,<br><br>        Defendant. | No. 2:10-cv-00944-GEB-GGH<br><br><br>**ORDER** |

        Defendant filed a Bill of Costs on September 21, 2012,
"request[ing] to tax" $3,005.89 in costs. (Def.'s Bill of Costs,
ECF No. 88.) The total costs allegedly comprise $135.00 in
witness fees and $2,870.89 in "fees for . . . transcripts." (Id.)

        Plaintiffs filed Objections to the Bill of Costs on
September 28, 2012, arguing, *inter alia*:

> [Defendant's] Bill of Costs, as submitted to
> the Court . . . is defective . . . since it
> lacks   any   particularized   affidavit   or
> verification supporting the . . . bills that
> were attached to the Eastern District Bill of
> Costs     (01/11)     revised      form.
> Consequently, . . . there is no evidentiary
> foundation for the Bill of Costs/attachment
> of  [Defendant's]  unverified  self-serving
> documents.

1

1    (Pls.' Objections 5:27-6:5, ECF No. 89.) Plaintiffs further argue

2    that Defendant's deposition costs "were unnecessary" because each

3    of the persons deposed "provided their testimony in the

4    underlying administrative case." (Id. at 6:19-7:2.)

5              "Federal Rule of Civil Procedure 54(d)(1) and . . .

6    Local Rule 292[] govern the taxation of costs, other than

7    attorney's fees, awarded to the prevailing party in a civil

8    matter." Gregorie v. Alpine Meadows Ski Corp., No. CIV S-08-259-

9    LKK/DAD, 2011 WL 590605, at *2 (E.D. Cal. Feb. 10, 2011).

10   "Federal Rule of Civil Procedure 54(d) . . . provides in relevant

11   part: 'Unless a federal statute, these rules, or a court order

12   provides otherwise, costs—other than attorney's fees—should be

13   allowed to the prevailing party.'" Taniguchi v. Kan Pacific

14   Saipan, Ltd., 132 S. Ct. 1997, 2001 (2012) (quoting Fed. R. Civ.

15   P. 54(d)(1)). "Rule 54(d)(1) codifies a venerable presumption

16   that prevailing parties are entitled to costs. Notwithstanding

17   this presumption, the word 'should' makes clear that the decision

18   whether to award costs ultimately lies within the sound

19   discretion of the district court." Marx v. Gen. Revenue Corp.,

20   133 S. Ct. 1166, 1172 (2013) (footnote omitted).

21             28 U.S.C. "§ 1920 defines the term 'costs' as used in

22   Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S.

23   437, 441-42 (1987). Section 1920 prescribes, in relevant part: "A

24   judge or clerk of any court of the United States may tax as costs

25   the following: . . . (2) Fees for printed or electronically

26   recorded transcripts **necessarily obtained for use in the case**;

27   [and] (3) Fees and disbursements for printing and witnesses."

28   (emphasis added). Section 1920(2) includes "an award of costs

2

1   associated with the taking of depositions" that are "reasonably

2   necessary." Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993)

3   (superseded by statute on other grounds). However, "courts may

4   not tax the costs of transcripts of depositions provided merely

5   for the convenience of the requesting attorney." Id. Further,

6   "[i]f the depositions are for investigatory or for discovery

7   purposes only, rather than for presentation of the case, courts

8   have found that they are not taxable." Gregorie, 2011 WL 590605,

9   at *2 (citing 10 Wright, Miller, & Kane Federal Practice and

10  Procedure § 2676 (3d ed. & Supp. 2010)).

11          "While the [costs enumerated in § 1920] are presumed

12  to be taxable, the Court must exercise discretion in assessing

13  the costs, only allowing taxation of costs for materials that are

14  'necessarily obtained for use in the case,' and in an amount that

15  is reasonable." Berryman v. Hofbauer, 161 F.R.D. 341, 344 (E.D.

16  Mich. 1995) (citation omitted). "'The burden is on the prevailing

17  [party] to establish the amount of compensable costs . . . to

18  which they are entitled [under Rule 54]. Prevailing parties

19  necessarily assume the risks inherent in a failure to meet that

20  burden.'" English v. Colo. Dept. of Corrs., 248 F.3d 1002, 1013

21  (10th Cir. 2001) (quoting Mares v. Credit Bureau of Raton, 801

22  F.2d 1197, 1208 (10th Cir. 1986)); accord Plantronics, Inc. v.

23  Aliph, Inc., No. C 09-01714 WHA (LB), 2012 WL 6761576, at *3

24  (N.D. Cal. Oct. 23, 2012) ("Nothing about . . . Rule 54(d)'s

25  presumption excuses a prevailing party from itemizing its costs

26  with enough detail to establish that each expense is taxable

27  under section 1920."); Berryman, 161 F.R.D. at 344 ("[T]he

28  prevailing party has the burden of establishing that the expenses

3

1  | he seeks to have taxed as costs are authorized by applicable
2  | federal law, including proof of necessity and reasonableness
3  | under 28 U.S.C. § 1920.").

4  | Here, Defendant has not shown that the claimed costs
5  | are allowable under Rule 54(d)(1) and § 1920. Defendant neither
6  | "itemize[d] the costs claimed," nor "supported [its Bill of Costs
7  | with] a memorandum of costs," as required by Local Rule 292. E.D.
8  | Cal. R. 292(b). Instead, Defendant filed the Bill of Costs form
9  | with attached invoices, and the attached invoices total less than
10 | the costs requested. Further, the attached February 1, 2012
11 | correspondence from the California Office of Administrative
12 | Hearings references a "final cost to process [an] order [of]
13 | $349.30[,]" but does not state what the final cost comprises.
14 | (See ECF No. 88-1.)

15 | "Defendant[] ha[s] given the Court no basis to analyze
16 | the reasonableness of [its] request or the necessity of the costs
17 | for which taxation is sought." Berryman, 161 F.R.D. at 344
18 | (indicating that a conclusory averment that "each item of
19 | cost . . . . claimed . . . has been necessarily incurred" is
20 | insufficient when the opposing party challenges the
21 | reasonableness and necessity of the requested costs). Therefore,
22 | Defendant's request to tax costs is denied.
23 | Dated:  November 6, 2013

24 |

25 |

26 | _____
   | GARLAND E. BURRELL, JR.
   | Senior United States District Judge
27 |

28 |

4